THE STATE (C. A. BORDEN, PROSECUTOR,) v. JACOB JUSTICE
ET AL.

1. A *certiorari* to remove the proceedings in laying out a *public* road is rightly entitled in the name of "The State;" but if a *certiorari* were wrongly entitled, it would not therefore be quashed; it would be amended in this respect.

2. The Court of Common Pleas cannot set aside the certificate or proceedings of freeholders in reviewing a road, except for such substantial defects as would make them a nullity.

3. The adjudication of the freeholders, as to the sufficiency of notices of their meeting, is conclusive.

4. Freeholders are not required to cause the road which they review to be actually surveyed.

5. It is not sufficient to set aside the return of freeholders that the caveators furnished them their dinners.

6. Freeholders may, although they have determined the matter submitted to them by vote, reconsider that vote, and alter their determination, if done before they separate.

7. The courts cannot review the motives or reasoning by which freeholders arrive at their determination that a road is useful or injurious.

This was a *certiorari*, directed to the Court of Common Pleas of the county of Salem, to remove the proceedings of that court in the matter of a public road. The road in question was laid out upon the application of the defendants in *certiorari*. The prosecutor, Clement A. Borden, filed a *caveat* against recording the return, and, upon his application to the Court of Common Pleas, freeholders were appointed to review the same. They by a return, signed by four of their number, certified that the road was unnecessary and injurious. On application of the applicants, the court granted a rule to show cause why this return should not be set aside. and the return of the surveyors recorded, with leave to take affidavits in support of the rule. Upon the argument of the rule, the court set aside the return of the freeholders, and ordered that of the surveyors to be recorded. The *certiorari* which removed these proceedings into this court was entitled, "The State (Clement A. Borden, prosecutor,) v. Jacob Justice and others."

The facts appear in full in the opinion of the court, delivered by Justice Elmer.

Argued before Justices ELMER and POTTS, by Mr. *Keasbey,*

for prosecutor, and Mr. *Eakin* and *Attorney General,* for the defendants.

ELMER, J. It was insisted, on behalf of the defendants, that the *certiorari* ought to have been endorsed in the name of the state against the prosecutor, and for this error ought to be quashed. The writ itself is admitted to be correct. If it was wrongly endorsed we should not hesitate to permit it to be amended, as has heretofore been the practice. 6 *Halst.* 71 ; 2 *Green* 426. But it is endorsed in accordance with the most usual, and, I think, the most correct practice.

The case of *The State* v. *Kirby*, 2 *South.* 835, was not like this. In that case there were no other parties than the state, on the one side, and the prosecutor of the writ, on the other, and he was, therefore, the only proper person to make defendant. In this case the prosecutor is a party on the one side, and the persons named as defendants, who were applicants for the road, are parties on the other side. The writ might with propriety have been endorsed as between those parties, without naming the state. In the case of *Griscom* v. *Gilmore*, 3 *Green* 475, it was held that in the case of a private road the public have no such interest as to justify the use of the name of the state. But this writ brings up the proceedings in the case of a public road, where the name of the state may be used with great propriety.

The proceedings before us, so far as they relate to the appointment of the surveyors, and the laying out and return of the road by them, are admitted to be correct. It appears that the prosecutor filed a *caveat* against recording the return, and that, upon his application, six chosen freeholders were duly appointed to review the road. Four of the freeholders certified to the court, at the next term, that they believed the laying out of said road to be unnecessary and injurious; and it is admitted that their certificate, upon the face of it, is in all respects correct. The Court of Common Pleas, however, upon motion in behalf of the defendants, granted a rule upon the caveator, the now prosecutor, to show cause why the certificate of the freeholders should not be set aside, and that rea-

sons therefor should be filed in thirty days, and a copy served on the caveator, and that the applicants should have leave to take affidavits, to be read on the argument of the said rule. At a subsequent term, the court, having heard the parties, made an order that the proceedings and certificate of the said freeholders be reversed, set aside, made void, and for nothing holden, and that the return of said surveyors be in all things confirmed and be recorded by the clerk, pursuant to the statute in such case made and provided. The reasons filed, and the depositions taken in support of them, upon which alone, as it is agreed by the counsel, the court acted, being now before this court, it is insisted, on behalf of the prosecutor, that the Court of Common Pleas erred in making the order they did, and the question now is, whether the certificate of the freeholders was rightly set aside, and ought now to be declared void, or whether it ought to be declared in force, and the proceedings of the surveyors, in the words of the act, thereby be made null and void?

By the eighth section of the road act, (*Rev. Stat.* 518) it is declared that the certificate and proceedings of the freeholders shall be binding and conclusive in all cases, and shall not be subject to an appeal or *certiorari*, or to be set aside for lack of form. The obvious and correct policy of the act is, that a road shall not be laid out or vacated until it has not only been passed upon by the surveyors, but, if any person thinks proper to file a *caveat*, and apply for the appointment of freeholders, until it has been reviewed by them. And now, that the expense of opening a road may be greatly increased by the assessment of the damages sustained by the owners of the land, it is highly important not only that the freeholders should carefully guard the public interest and give an independent judgment, uninfluenced by the previous proceedings of the surveyors, but that if they do actually adjudge the road to be in their opinion unnecessary or injurious, their decision should not fail of effect because they may not have been mindful of all the prescribed forms. It may be admitted that if their proceedings are substantially contrary to law, so that they may with propriety be regarded as nullities, the court to which

they make their return must, of necessity, so declare. But every fair intendment should be made in favor of the validity of their proceedings. The law gives no authority to the court to revise them, but, on the contrary, its express terms forbids them to do so. Before a rule to show cause why their certificate should not be set aside for any error of the freeholders can with propriety be granted, it should be proved by affidavit, or otherwise, that there is good reason to believe that there was such a substantial departure by the freeholders from the directions of the law as to render their proceeding wholly null and void; and then, if it appears to be necessary that the facts shown should be verified by depositions, it will be proper to grant a rule to take them. But this rule should be carefully guarded and the parties confined to the proof of such facts only as the court shall think proper. In this case the rule was general, and by far the larger part of the facts sworn to were wholly immaterial, and such as ought not to have been permitted to be proved. I do not mean, however, to intimate that this court ought to reverse the decision of the Court of Common Pleas for these defects, if it appears that there was in truth any substantial reason for setting aside the certificate of the freeholders. These remarks are made because the case, in my opinion, calls for them, and because it is highly important that the court should be careful to keep within the true line of duty, and should not permit matters to be brought before them which ought not to influence their decision.

The first reason assigned in the court below, and now insisted on for setting aside the certificate of the freeholders, is that the notice of the meeting of the freeholders was not set up in three of the most public places in the township, and that there was not legal proof thereof made to the freeholders. The certificate, on this point, is in the following words : " Due proof being made to us that the advertisements of our said meeting had been set up according to law, on which we decided." By the depositions, it appears that one of the advertisements was set up at a certain mill, and, in the opinion of some of the witnesses, this was not one of the most public places. It is clear, however, that it belongs to the freeholders

State v. Justice et al.

to judge not only as to the fact whether the advertisements were set up, but whether the places where they were set up were the most public places, and that their decision upon these matters is final. It has been uniformly held that the judgment of the Common Pleas, as to the setting up of notices of an application for a road, is conclusive, and cannot be reviewed in this court, (6 *Halst.* 104, *Spencer* 388,) because the law expressly declares that the judgment of that court shall be final and conclusive; and, for a similar reason, the decisions of the surveyors and the freeholders, in regard to the setting up of the notices of their meetings, are not subject to the review of the Common Pleas or of this court. It was also objected that the notice itself, a copy of which was produced by a witness, was defective for want of a date; but upon inspection, the date sufficiently appears.

The next reason assigned, and now insisted on is, that the freeholders did not actually chain the road that had been laid out. It appears that the first course ran through a small pond, in consequence of which the freeholders did not think proper to carry a chain through it. Much testimony was taken to show whether they could or could not conveniently do so. But there is nothing in the law or in the nature of their duties which requires them to carry a chain or compass, unless they think proper to do so. They are required to view the road, as it appears they did. Surveyors, when they lay out a road, must of necessity have it surveyed, because they are required to make a map of it, with the courses and distances. All that it is necessary the freeholders should do, is to examine the road previously laid out or vacated, so far as may be necessary to enable them fairly to determine, upon their own view, whether it is in their opinion necessary or unnecessary, useful or injurious. This duty they are to fulfil according to their own best judgments, under the sanction of an oath or affirmation that they will act faithfully and impartially. The mode they will adopt to make the required view is left wholly to their own discretion, and no court has a right to interfere with their proceedings in that matter.

Another reason assigned is, that the caveator furnished the freeholders with their dinners. In the case of *The State* v. *Bergen*, (1 *Zab.* 342) it was held by this court that this was no good reason for disturbing the proceedings of surveyors, and I can perceive no distinction between that case and this. Another reason is, that the freeholders, after consulting together, took a vote, and voted three for sustaining, and three for setting aside the road. This appears to have been so. But it also appears that they directly reconsidered their vote, and before they separated four of them joined in signing the certificate, as they had a perfect right to do.

The only other reason now insisted on is, that the certificate of the freeholders was not based upon their opinion that the road was unnecessary and injurious, but upon assertions in regard to the expense of the same. In support of this reason, the depositions set forth declarations of some of the freeholders at the time, in regard to their opinions and motives, and set forth, also, the opinions of witnesses as to the usefulness of the road. The decisive answer to all this is, that the court had no right to inquire into the motives of the freeholders, or to determine whether they were right or wrong in their judgment as to the necessity or usefulness of the road. The court have nothing to do with this question in any stage of the proceedings. There is no proof, and hardly a pretence, that the freeholders acted fraudulently. Whether their judgment was right or wrong upon the merits of the question submitted to them, is a matter for their own consciences; no court can inquire into or interfere with their decision, which the law makes final and conclusive.

Upon a careful examination of the reasons assigned for setting aside the certificate, and of the depositions produced in their support, I am of opinion that the court erred in their decision, and that their order setting aside the certificate of the freeholders, and ordering the clerk to record the returns of the surveyors must be reversed. There being no such illegality shown in the proceedings of the freeholders or of the caveator as will render the certificate a nullity, the consequence is,

that by such certificate the proceedings of the surveyors, in the words of the law, are made null and void.

POTTS, J., concurred.